UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC T. DICKS,<br><br>        Plaintiff,<br><br>  vs.<br><br>R.L. WITTE,<br><br>        Defendant. | Case No. 16cv713-MMA (BLM)<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>[Doc. No. 30] |

  Plaintiff Eric T. Dicks, a state prisoner proceeding *pro se*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that Defendant R. L. Witte violated his Eighth Amendment rights by using excessive force to break up a fight between Plaintiff and another inmate. *See* Doc. No. 1. Defendant moves for summary judgment as to Plaintiff's claim. *See* Doc. No. 30. Plaintiff filed a response to Defendant's motion, to which Defendant replied. *See* Doc. Nos. 33, 35. The Court took Defendant's motion under submission on the briefs and without oral argument pursuant to Civil Local Rule 7.1.d.1. *See* Doc. No. 36. For the reasons set forth below, the Court **GRANTS** Defendant's motion for summary judgment.

1

# BACKGROUND[1]

This matter arises out of events occurring on or about March 18, 2015 at Calipatria State Prison in Calipatria, California.[2] At approximately 6:00 p.m., the Calipatria prison alarm sounded because Plaintiff was involved in a physical altercation with Inmate Corrall. This involved the two inmates striking one another with their fists. Plaintiff wound up on his back, on the ground, while Inmate Corrall struck Plaintiff in the face and upper torso. Officer Alvarado observed the altercation from his position in the control booth, and ordered both inmates to "get down." Neither inmate complied with his instruction, resulting in Officer Alvarado utilizing a 40-millimeter direct impact launcher from approximately one-hundred-feet away.[3] Officer Alvarado aimed at Inmate Corrall's left calve area and fired one 40-millimeter round. The inmates continued to fight, and Officer Alvarado was unable to determine whether his round struck either inmate.

Defendant Witte responded to the alarm and observed the inmates fighting. Upon arrival, Defendant commanded the inmates to "get down." Neither inmate complied with Defendant's instruction, resulting in Defendant utilizing a 40-millimeter direct impact launcher from approximately twenty-five away. Plaintiff disputes Defendant's distance estimation, and maintains that Defendant utilized the launcher from less than twenty feet away. *See* Pl. Decl. ¶ 2. Defendant aimed at Plaintiff's "buttocks and right thigh area," firing one 40-millimeter round. Witte Decl. ¶ 4. Defendant was unable to determine where his round struck. The inmates still did not heed the instruction to "get down," so

---

[1] The material facts set forth herein are taken from the exhibits attached to Plaintiff's complaint; Defendant's Separate Statement of Undisputed Material Facts; the declarations submitted by Defendant in support of his motion for summary judgment; and Plaintiff's declaration in support of his opposition to Defendant's motion for summary judgment. Where a material fact is in dispute, it will be so noted. Facts that are immaterial for purposes of resolving the current motion are not included in this recitation.

[2] Plaintiff is currently housed at Kern Valley State Prison in Delano, California.

[3] "The 40-millimeter direct impact launcher is a 'less-than-lethal' device designed to be fired directly at violent subjects in situations to disable instigators. It fires a 'foam round.'" Witte Decl. ¶ 6.

Defendant chambered a second 40-millimeter round, but the weapon malfunctioned and he was unable to fire.  Officers Romero and Celaya then sprayed both inmates in the head and facial area with oleoresin-capsicum spray, resulting in the inmates' compliance with previous instructions to lie face down on the ground in the requisite prone position.  Subsequent to the altercation, Plaintiff received medical treatment for a laceration to the right side of his head and decontamination from the oleoresin-capsicum spray.

Based on these events, Plaintiff claims that Defendant used excessive force against him in violation of Plaintiff's Eighth Amendment rights.

## **DEFENDANT'S MOTION**

Defendant moves for summary judgment as to Plaintiff's Eighth Amendment claim, arguing that the undisputed facts demonstrate that Defendant acted lawfully in an attempt to stop an inmate fight and without the requisite intent to cause Plaintiff serious harm.[4]  Plaintiff contends that genuine issues of fact exist regarding whether Defendant violated Plaintiff's Eighth Amendment rights by firing a direct impact launcher at Plaintiff from too near a distance.

### *1.    Legal Standard*

"A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought.  The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The party seeking summary judgment bears the initial burden of establishing the basis of its motion and of identifying the portions of the declarations, pleadings, and discovery that demonstrate absence of a genuine issue of material fact. *Celotex Corp. v.*

---

[4] Defendant also moves for summary judgment as to Plaintiff's negligence claim.  Plaintiff states in his declaration filed in support of his response brief that although he alleges in his complaint that Defendant acted negligently, this allegation supports his Eighth Amendment claim.  *See* Doc. No. 33, ¶ 3.  Plaintiff does not allege a separate state law negligence claim.  Accordingly, Defendant's motion is moot in this respect.

3

*Catrett*, 477 U.S. 317, 323 (1986). A fact is material if it could affect the outcome of the suit under applicable law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Id.* at 248.

The party opposing summary judgment cannot "rest upon the mere allegations or denials of [its] pleading but must instead produce evidence that sets forth specific facts showing that there is a genuine issue for trial." *Estate of Tucker v. Interscope Records*, 515 F.3d 1019, 1030 (9th Cir.), cert. denied, 555 U.S. 827 (2008) (internal quotation marks omitted). In applying the standard set forth under Rule 56, district courts must "construe liberally motion papers and pleadings filed by *pro se* inmates and . . . avoid applying summary judgment rules strictly." *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010).

### 2. *Eighth Amendment Claim*

The Eighth Amendment prohibits the use of excessive physical force by correctional officers against prison inmates. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (per curiam); *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992). The core judicial inquiry is whether the officer applied force in a "good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins*, 559 U.S. at 37 (quoting *Hudson*, 503 U.S. at 7). Importantly, "not every malevolent touch" by a correctional officer results in an Eighth Amendment violation. *Id.* (quoting *Hudson*, 503 U.S. at 9). "In determining whether the use of force was wanton and unnecessary, courts may evaluate the extent of the prisoner's injury, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Hudson*, 503 U.S. at 7.

Even when viewed in the light most favorable to Plaintiff, the facts demonstrate that Defendant discharged the direct impact launcher to restore order and to deter a physical altercation between inmates. Plaintiff offers no evidence to suggest that

1 | Defendant fired the non-lethal weapon for a malicious or sadistic purpose.  Plaintiff
2 | conceded during his deposition that he failed to follow the officers' instructions to "get
3 | down" because he was "tussling" with Inmate Corrall.  Pl. Depo. at 23.[5]  The evidence
4 | shows that neither the verbal commands nor Officer Alvarado's initial use of a direct
5 | impact launcher stopped the inmates' fight.  And while Plaintiff speculates that
6 | Defendant fired a 40-millimeter round from less than twenty-feet away, which he argues
7 | constitutes excessive force, Plaintiff has not provided any evidence that the force used
8 | was more than necessary to stop the fight under the circumstances.  *See Hudson*, 503 U.S.
9 | at 7.  Even if Defendant fired the direct impact launcher from a twenty-foot distance,
10 | there is no evidence to suggest it was an unreasonable action at that distance.

Plaintiff contends that Defendant's use of the direct impact launcher was unnecessary because multiple responding officers were carrying oleoresin-capsicum spray.  However, Plaintiff presents no evidence to suggest that the responding officers should have used one type of non-lethal force instead of another.  Moreover, Officer Romero was significantly closer than Defendant to Plaintiff – approximately twelve feet – when he utilized oleoresin-capsicum spray on Plaintiff.  *See* Crime Incident Report at 2 [Doc. No. 1 at 22].  Plaintiff further argues that Defendant's use of the direct impact launcher was unreasonable because Plaintiff posed no threat to the officers and was already on the ground.  Yet Plaintiff does not dispute that he and inmate Corrall were involved in a physical altercation and had ignored commands to "get down" at the time Defendant deployed the force at issue.  Plaintiff presents no evidence to support his assertion that the responding officers should have known Plaintiff posed no threat to them, or that Plaintiff's position on the ground would have reasonably assured the officers of their safety and that of Inmate Corrall such that the further use of force would have been unnecessary.

---

[5] Citation refers to original pagination assigned by the document's author.

Finally, no reasonable jury could find based on this record that Defendant used the direct impact launcher against Plaintiff maliciously and sadistically to cause harm. Plaintiff admitted during his deposition that Defendant had no reason to want to cause Plaintiff harm. *See* Pl. Depo. at 57. Defendant confirms in his sworn declaration that he did not "use any force against Plaintiff with a malicious or sadistic intention to cause him harm, pain, or injury." Witte Decl. ¶ 7. Rather, Defendant "fired the 40-millimeter-foam round at the fighting inmates for the purposes of stopping the fighting and to prevent great bodily injury or an escalating situation." *Id*. Plaintiff presents no evidence to the contrary. As such, Defendant is entitled to summary judgment.[6]

### CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant's motion for summary judgment. The Clerk of Court is instructed to enter judgment in Defendant's favor and close the case.

**IT IS SO ORDERED**.

DATE: January 4, 2018

HON. MICHAEL M. ANELLO
United States District Judge

---

[6] Defendant also argues that, even if there are triable issues of fact as to Plaintiff's Eighth Amendment claim, he is entitled to qualified immunity from suit. Because the Court finds that no constitutional violation occurred, "there is no necessity for further inquiries concerning qualified immunity." *Saucier v. Katz*, 533 U.S. 194, 201 (2001) (overruled in part by *Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (overruling *Saucier*'s requirement that the two prongs of the qualified immunity analysis be decided sequentially)).